UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| ROMAN MARTINEZ | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 2:16-cv-0097 |
| | ] | Chief Judge Sharp |
| TIM NASH, et al. | ] | |
| Defendants. | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Putnam County Justice Center in Cookeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Tim Nash, Jail Administrator at the Justice Center, and Kim Veers, Sentence Manager, seeking his immediate release for time served and damages.

On August 26, 2016, the plaintiff was mistakenly released from custody. After the mistake was discovered, the plaintiff was re-arrested and returned to custody. The plaintiff claims that the defendants' error in releasing him from custody has caused him great emotional despair and constitutes double jeopardy.

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged

1

by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
Chief District Judge